## THE LIME ROCK.
### BORNE et al. v. DONNELLY et al.
(Circuit Court of Appeals, Second Circuit. May 29, 1894.)
#### No. 104.

Appeal from the District Court of the United States for the Southern District of New York.

The decision of the district court in this case will be found fully reported in 55 Fed. 126. The proctors for the appellant claimed in their brief that the "new evidence" hereafter referred to in the opinion of the court of appeals tended to establish the following facts, namely:

"(1) That the libelants testified falsely when they testified that the Alpha was in good condition. (2) That the Alpha had been leaking previously, had been in danger of sinking within a day or two of the collision, and that the leak in her had been only temporarily stopped by Capt. Kelly's putting overboard some manure to check the leak."

Benedict & Benedict, for appellants.
Hyland & Zabriskie, for appellees.

Before WALLACE, LACOMBE, and SHIPMAN, Circuit Judges.

PER CURIAM. Notwithstanding the new evidence introduced by the appellant since the decision of the cause by the district court, we are satisfied that the libelants' canal boat was sufficiently strong and tight for the ordinary exigencies of her use as a coal boat, and that she did not sink in consequence of any defect in her condition, but that she was forced ahead, and brought in contact with the dock, by the impact of the steam lighter, and a hole thereby knocked into her bow. The occurrence was due to the carelessness of those in charge of the lighter. They used unnecessary violence in the attempt to move the canal boat. The lighter must accordingly be condemned for the damages. We should have been better satisfied if the commissioner to whom it was referred to ascertain and report damages had rejected the item allowed for repairs which were not made, but which he found were necessary to put the canal boat in as good condition as she was previous to the accident; but the proofs are not such as to justify us in overruling his conclusion and that of the district judge. The decree is affirmed, with interest and costs.